UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LARRY RODRIGUEZ,

                                    Plaintiff,                    DECISION AND ORDER
                                                                 05-CV-6215 CJS
vs.

DEPARTMENT OF CORRECTIONS, Medical Staff,

                                    Defendants.
_____


**APPEARANCES**


For the Plaintiff:                  Kevin Saunders, Esq.
                                    Nixon, Peabody LLP
                                    Clinton Square
                                    P.O. Box 31051
                                    Rochester, NY 14603

For the Defendants:                 Emil Bove, A.A.G.
                                    New York State Attorney General's Office
                                    144 Exchange Blvd., Suite 200
                                    Rochester, NY 14614


**INTRODUCTION**


   **Siragusa, J.** Before the Court is Defendant's motion (Docket No. 23) for summary

judgment. Defendant raises two bases for granting summary judgment against Plaintiff:

(1) failure to name a defendant eligible for suit pursuant to 42 U.S.C. § 1983 and the

Eleventh Amendment; and (2) failure to state a cause of action for deprivation of his rights

under the Eighth Amendment. For the reasons below, the Court grants defendant's application.

## BACKGROUND

Plaintiff was incarcerated at Wende Correctional Facility ("Wende") from November 15, 2004, until December 1, 2005. He claims that in March 2005, he informed Dr. Levitt and Nurse Administrator Bella Aiello-Howe ("Aiello-Howe") that he needed new eyeglasses. In that regard, Defendant submitted Plaintiff's medical records which indicate that he lost his glasses in March 2004, that he had an eye exam on March 13, 2004 at Great Meadow Correctional Facility, and that he received a new pair of eyeglasses on March 26, 2004. Plaintiff's medical records also indicate that on July 22, 2004, he requested that his eyeglasses be repaired, that he had an ophthalmology consult on July 27, 2004, and his glasses were repaired on October 9, 2004. Defendant states that on April 18, 2005, Larry Rodriguez advised Aiello-Howe that he had lost his glasses and she directed that replacement glasses be ordered for him. In July 2005, Plaintiff asked for an ophthalmology consult, which he received on July 27, 2005. The parties agree that on September 19, 2005, Plaintiff received a new pair of glasses. Plaintiff claims he waited more than five months to receive them, and Defendant has shown that he waited from April 18 to September 19, 2005, a period of five months and two days. Thus, despite the specific details of the chronology of events, with Plaintiff asserting that he first complained in March, and Defendant countering that it was April, both parties agree that Plaintiff waited more than five months for new glasses.

On July 14, 2006, the Court appointed David R. Mowry, Esq., and John J. Field,

Esq., to represent Plaintiff *pro bono*. On January 18, 2008, Kevin T. Saunders, Esq., entered his appearance on behalf of Plaintiff. The pending summary judgment motion was filed on July 20, 2007, by Defendant. Plaintiff filed a response in opposition on January 25, 2008, along with appears to be a pro se memorandum from Plaintiff, and Defendant replied on February 1, 2008. The Court has heard oral argument and now renders its decision.

## SUMMARY JUDGMENT STANDARD

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interroga-tories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. FED. R. CIV. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by

omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

As indicated above, Defendant has moved for summary judgment on two grounds—failure of Plaintiff to name a defendant amenable to suit, and failure to set forth a cause of action.

### Eleventh Amendment

State defendants are protected by the Eleventh Amendment from legal or equitable claims brought by private parties for alleged constitutional violations. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Yoonessi v. State University of New York*, 862 F. Supp. 1005, 1012 (W.D.N.Y. 1994). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). For the purpose of the Eleventh Amendment analysis, it is irrelevant whether Plaintiff's claim is made against Defendants in their official capacities, DOCS, or the State of New York. *Pietraszewski v. Buffalo State College*, No. No. 97-CV-0129E(F), 1997 WL 436763, at *1 n. 2 (New York State is the real party in interest when a state college or university is sued). Therefore, Plaintiff's Eighth Amendment claim against Defendant is barred by the Eleventh Amendment. In response to the Eleventh Amendment prohibition, Plaintiff seeks in his memorandum of law[1] permission to amend

---

[1] Plaintiff did not make a formal motion to amend.

the complaint to add Aiello-Howe and Dr. Levitt[2] as individual defendants who would be

amenable to suit under § 1983. As to amendment, the Second Circuit has stated that,

> Federal Rule of Civil Procedure 15(a) provides that leave to amend a
> complaint should be "freely given when justice so requires." Fed. R. Civ. P.
> 15(a). However, a motion for leave to amend a complaint may be denied
> when amendment would be futile. *Ellis v. Chao*, 336 F.3d 114, 127 (2d
> Cir.2003).

*Tocker v. Philip Morris Companies, Inc*., 470 F.3d 481, 491 (2d Cir. 2006). Thus, the Court

must consider whether an amendment to add the two individually identified defendants, Dr.

Levitt and Aiello-Howe, would be futile.

### Deliberate Indifference to a Serious Medical Need

In *Hernandez v. Keane*, 341 F.3d 137 (2d Cir. 2003), the Second Circuit discussed

the standards applicable to an Eighth Amendment claim for insufficient medical care in

prison:

> The Eighth Amendment outlaws "cruel and unusual punishments." U.S.
> Const. amend. VIII. "This includes punishments that 'involve the unnecessary
> and wanton infliction of pain.'" *Chance v. Armstrong,* 143 F.3d 698, 702 (2d
> Cir. 1998) (quoting *Gregg v. Georgia,* 428 U.S. 153, 173 (1976)). While
> "society does not expect that prisoners will have unqualified access to health
> care," *Hudson v. McMillian,* 503 U.S. 1, 9 (1992), an inmate can nevertheless
> prevail on an Eighth Amendment claim arising out of medical care by
> showing that a prison official acted with "deliberate indifference" to the
> inmate's serious medical needs. *Hathaway v. Coughlin ("Hathaway I"),* 37
> F.3d 63, 66 (2d Cir.1994) (quoting *Estelle v. Gamble,* 429 U.S. 97 (1976)).
>
> * * *
>
> "Deliberate indifference" describes a mental state more blameworthy than
> negligence; but a plaintiff is not required to show that the defendant acted for
> the "very purpose of causing harm or with knowledge that harm will result."
> *Farmer v. Brennan,* 511 U.S. 825, 835 (1994) (citing *Estelle,* 429 U.S. at

---

[2]The Court ascertains from the papers submitted by the parties that Aiello-Howe is a
nurse administrator at Wende and that Dr. Levitt is a physician also at Wende.

104). Deliberate indifference is "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin ("Hathaway II"),* 99 F.3d 550, 553 (2d Cir.1996). A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, *i.e.*, an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance,* 143 F.3d at 703 (quoting *Hathaway II,* 99 F.3d at 553).

*Hernandez*, 341 F.3d at 144. In *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003), the Second Circuit addressed the issue presented by this case, a delay in treatment, and stated that,

> [w]hen the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in "objective terms, sufficiently serious," to support an Eighth Amendment claim. *Chance* [*v. Armstrong*], 143 F.3d [698] at 702 [2d Cir 1998].

*Smith*, 316 F.3d at 185.

Plaintiff's medical records, attached to Defendant's moving papers, show that on March 13, 2004, he reported losing his glasses, that his distance vision was good and measured for both eyes as 20/25. The provider at Great Meadow Correctional Facility, whose name is illegibly written on the form, evidently ordered new corrective lenses for Plaintiff. (Docket # 23 at 16.) Plaintiff signed a receipt for new eyeglasses dated March 26, 2004. (*Id*. at 18.) The receipt cautioned him that he would be responsible for paying for replacement glasses within two years if he were broken, stolen or destroyed.

On July 22, 2004, Plaintiff wrote to "eye doctor" a note indicating that one lens in his glasses had popped out and that he could not ready anything. (*Id*. at 20.) The next document in Defendant's submission is a form requesting a consultation dated July 24, 2004, and the date of the consultation set at October 9, 2004. (*Id*. at 21.)

On April 18, 2005, an entry in Defendant's papers shows that on that date, Aiello-Howe sent a request for new glasses for Plaintiff, writing, "Rodriguez, 99A3278, he has no funds, but we still have to order glasses." (*Id*. at 23.) On another note, dated the same, she wrote, "[s]chedule optometry ASAP for new glasses." (*Id*.)

Following those papers is a Patient Referral Form dated July 27, 2005, showing that Plaintiff was referred to an outside medical doctor, Karen Schoene, M.D., with a complaint of CMV retinitis. In that regard, Dr. Schoene determined Plaintiff did not have CMV retinitis. (*Id*. at 26.) The next document Defendant submitted consists of an optical prescription order and slip from an optic lab dated August 30, 2005. (*Id*. at 27.) Plaintiff signed a receipt for glasses dated September 19, 2005. (*Id*. at 28.)

> In his affidavit, Plaintiff states the following:
>
> Throughout my incarceration, my eyesight has worsened, and, I get headaches when I read; due to the DOCS policy, I cannot receive another pair of free eyeglasses within the two-year period.
>
> I have repeatedly sought treatment for my worsening eyesight from the medical professionals at Wende and then from the medical professionals at first Auburn Correctional Facility and now Five Points Correctional Facility.

(Rodriguez Aff. (Dec. 26, 2007) ¶¶ 7-8.) "The standard for Eighth Amendment violations contemplates 'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway,* 37 F.3d 63, 66 (2d Cir 1994) quoting *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir.1990) (Pratt, *J.,* dissenting)).

Since Plaintiff complains not of a failure to treat his eyesight problems at all, but in a delay of that treatment, the Court must consider what effect the delay had on him. The evidentiary proof shows that Plaintiff has 20/25 vision. The parties have not submitted any

proof on what that meant in practical terms, and Plaintiff, who bears the burden of proof in the case, has not alleged that his vision was so impaired as to make it impossible for him to function without corrective lenses. Rather, it appears from the evidence only that he was restricted in reading because reading without corrective lenses caused him to suffer headaches. Although Plaintiff has alleged that his vision worsened, he has not presented any evidentiary proof in admissible form that the delay in receiving new glasses was the cause, nor has he presented any evidentiary proof in admissible form to what degree, if any, his eye sight deteriorated. Rather, the evidentiary proof fails to show a condition of urgency that resulted in degeneration or extreme pain. Consequently, there is no objectively serious condition.

Turning next to the question of deliberate indifference, no evidentiary proof in admissible form before the Court on this motion shows that either potential individual defendant identified by Plaintiff during oral argument, the nurse and doctor, acted with deliberate indifference, "a state of mind that is the equivalent of criminal recklessness." *Hathaway II*, 99 F.3d at 553. Even viewing the evidence in the light most favorable to Plaintiff, the most that it shows is negligence in following through with the order for new glasses. This is an insufficient basis upon which to support an Eighth Amendment claim. While it is unfortunate that Plaintiff had to wait five months before receiving replacement eyeglasses, his claim meets neither the subjective, nor the objective, threshold for a deliberate indifference to a serious medical need. Accordingly, it would be futile to permit amendment of the complaint to add the nurse and doctor as individual defendants.

**CONCLUSION**

Defendant's motion (Docket No. 23) for summary judgment is granted and the case is dismissed. The Clerk is directed to enter judgment for Defendant. Pro bono counsel is excused with the gratitude of the Court for his, and his predecessor's, service.

IT IS SO ORDERED.

DATED:        February 28, 2008
              Rochester, New York

                          ENTER.


                          /s/ Charles J. Siragusa
                          CHARLES J. SIRAGUSA
                          United States District Judge